UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
I.A.M. NATIONAL PENSION FUND,             )
NATIONAL PENSION PLAN,                    )
                                          )
          and                             )
                                          )
WARREN L. MART and                        )
BURTON C. TREBOUR,                        )
Co-chairmen of the Board of               )
Trustees of the I.A.M.                    )
National Pension Fund,                    )
                                          )
1300 Connecticut Avenue, NW               )
Suite 300                                 )
Washington, DC  20036                     )
(202) 785-2658                            )
                                          )
          Plaintiffs,                     )
                                          )
     v.                                   )    Case No.
                                          )
HOSTESS BRANDS, INC.                      )
6031 Connection Drive                     )
Suite 600                                 )
Irving, Texas 75039                       )
(972) 532-4500                            )
                                          )
          Defendant.                      )
                                          )
```

## COMPLAINT

(An action for legal and equitable relief to enforce 29 U.S.C. §1145 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980)

1.  This is an action for legal and equitable relief brought pursuant to 29 U.S.C. §§1132(a)(3) and 1145 by the I.A.M. National Pension Fund, National Pension Plan (hereinafter "the Plan") and its Co-Chairmen (collectively "the Plaintiffs") to secure the performance of statutory and contractual obligations owed to the Plaintiff Plan.

2.  This Court has jurisdiction of this action under 29

U.S.C. §1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

4. Plaintiff I.A.M. National Pension Fund, National Pension Plan is a collectively bargained labor-management pension trust fund created by Agreement and Declaration of Trust originally entered into on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5). The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

5. The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multiemployer plan" within the meaning of 29 U.S.C. §1002(37).

6. Plaintiffs Warren L. Mart and Burton C. Trebour are the Co-Chairmen of the I.A.M. National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1002(21).

7. Defendant Hostess Brands, Inc. is a for-profit business organization authorized to do business in the continental United States and is a "contributing employer" within the meaning of 29 U.S.C. §1002(5). Defendant's principal office and place of business is located in Irving, Texas.

8. On or about April 25, 2008, Defendant entered into a Collective Bargaining Agreement with multiple District and/or Local Lodges of the International Association of Machinists and

Aerospace Workers (hereafter referred to as "the Union"). Pursuant to the Collective Bargaining Agreement, Defendant agreed to make regular contributions to the Plan on behalf of those of its employees in the bargaining unit represented by the Union.

9. The Collective Bargaining Agreement incorporates the Standard Contract Language required by the Plan, which required the Defendant to commence and continue to make payments to the Plan at the rate and on the basis required therein. The Defendant also adopted and agreed to be bound by the provisions of the Trust Agreement, and the Plan rules as amended from time to time (collectively "the Agreements").

10. By entering into the Agreements described in paragraphs 8 and 9, Defendant and the Union met the requirements for participation in the Plan, and upon acceptance by the Trustees, Defendant became a "contributing Employer" and the Union became a "participating lodge" under the Plan. Pursuant to these Agreements, Defendant was obligated to file monthly reports with the Plan showing the amount of time each employee in the Union's bargaining units received pay in accordance with the Collective Bargaining Agreement. Defendant was also obligated to pay to the Plan each month the contributions required by the Collective Bargaining Agreement and as reported on those reports.

11. Defendant, by letter dated August 12, 2011, has expressed its intent to temporarily suspend pension payments,

which is in direct violation of its obligation under the Agreements described in paragraphs 8 and 9 above.

12. Article V, Section 4 of the Trust Agreement, by which Defendant has agreed to be bound, provides in pertinent part:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received. The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.
>
> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees and court costs shall be added to the obligation of the defaulting Employer in addition to the amount due. The Employer agrees that such sums, together with liquidated damages and interest as set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interest of the Fund.

13. Notwithstanding the Defendant's statutory and contractual obligation to make timely reports and contributions to the Plan, Defendant has failed and refused since at least

August 20, 2011, to remit required reports and payments in a timely manner, to wit: the Defendant has failed to submit remittance reports and pension contributions for the months of July and August, 2011, estimated to total $168,000.00. Liquidated damages estimated to equal $16,800.00 and interest estimated to equal $1,260.00 have accrued as of the date of this Complaint. As a result of Defendant's continuing refusal timely to fulfill its contractual and statutory obligations, Defendant owes the Plan approximately $186,060.00 as of the date of this complaint.

14. 29 U.S.C. §1145 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

15. 29 U.S.C. §1132(g)(2) of the Employee Retirement Income Security Act of 1974, provides:

> In any action under this title by a fiduciary or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan -
>
> (A)   the unpaid contributions,
> (B)   interest on the unpaid contributions,
> (C)   an amount equal to the greater of
>     (i)   interest on the unpaid contributions, or
>     (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fee and costs of the action, to be paid by the defendant, and such other legal or equitable relief as the court deems appropriate.

16. Notwithstanding Plaintiffs' efforts to secure Defendant's voluntary compliance with its contractual and statutory obligation to make pension contributions to the Plan, Defendant continues to fail and refuse to make such payments in a timely manner.

17. Unless enjoined by order of this Court from doing so, Defendant will continue to be delinquent in the financial and reporting obligations it owes the Plan.

WHEREFORE, Plaintiffs pray that the court enter an order permanently enjoining Defendant, its officers, agents, successors and assigns from failing or refusing promptly to submit to the Plan all reports and contributions now due and owing by Defendant to the Plan but not yet paid, interest on the unpaid contributions, plus an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the Plan. Plaintiffs further pray that the Court award reasonable attorneys' fees and costs as incurred in this action and such other or further relief as the interests of justice may

require.

                                         Respectfully submitted,

Dated: September 30, 2011      */s/ Joseph P. Martocci, Jr.*
                                         Joseph P. Martocci, Jr., #955716
                                         1300 Connecticut Avenue, NW
                                         Suite 300
                                         Washington, DC  20036
                                         (202) 785-2658
                                         (202) 463-8098 (facsimile)
                                         jmartocci@iamnpf.org

                                         Attorney for Plaintiffs